UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO VALENCIA,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>SOUTHWEST CARPENTERS HEALTH AND WELFARE TRUST; SOUTHWEST CARPENTERS PENSION TRUST,<br><br>　　　　　　　　　Defendants. | Case No.: 3:17-CV-01643-CAB-AGS<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[Doc. No. 26] |

This matter is before the Court on the motion for summary judgment filed by Defendants Southwest Carpenters Health and Welfare Trust, and Southwest Carpenters Pension Trust, on April 6, 2018. [Doc. No. 26.][1] Plaintiff filed a one-page opposition to Defendants' motion for summary judgment on May 7, 2018. [Doc. No. 28.] The Court held a hearing on this matter on May 30, 2018. Plaintiff appeared in pro se. Dennis Joseph Murphy, Esq. appeared on behalf of Defendants. After hearing oral argument of the parties and conducting a thorough review of the issues, Defendants' motion is granted for the reasons discussed below.

**I.　Background**

Plaintiff Roberto Valencia ("Plaintiff") is a member of the Southwest Carpenters

---

[1] Document numbers and page references are to those assigned by CM.ECF for the docket entry.

Trust Fund. On December 11, 2017, Plaintiff filed an Amended Complaint, stating in its entirety: "I want the Southwest Carpenters Pen [sic] Union to pay me pencion [sic] benefits that I have earned I have proof of more hours worked then [sic] I was credited a pencion [sic] for proof of disability Please see attached documents." [Doc. No. 9 at 2.]

Defendants construed Plaintiff's Amended Complaint as pleading a right to recover long-term disability benefits from the Southwest Carpenters Health and Welfare Trust ("Health Trust") pursuant to § 1132(a)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. [Doc. No. 26-1 at 2.] The Court agrees with Defendants' interpretation of Plaintiff's Amended Complaint as being brought under § 1132(a)(1)(B) for purposes of this motion.

### A. Plan Language

The Southwest Carpenters Health and Welfare Plan for Active Carpenters Restated January 1, 2015 (the "Plan"), states under Article VI, Section 1, Long Term Monthly Disability Benefit:

> 3. SPECIAL DEFINITION OF ELIGIBLE INDIVIDUAL FOR LONG TERM MONTHLY DISABILITY BENEFIT PURPOSES
>
> For the purpose of eligibility for the long term monthly disability benefit set forth in this Section 1, "Eligible Individual" means an individual:
> 1) **Who has accumulated at least 5 Pension Credits under the Southwest Carpenters Pension Plan without a Permanent Break in Service**; . . .

[Doc. No. 26-5 at 82.] (Emphasis added.)

The Plan also states under Article IX, Section 5, Claims and Review Procedures:

> (a) The Board ["the Board of Trustees established by the Trust Agreement"] is the named fiduciary that has the discretionary authority to control and manage the administration and operation of the Plan and Trust. The Board shall have the full, exclusive and discretionary authority to prescribe such forms, make such Rules and Regulations, interpretations and computations, construe the terms of the Plan and determine all issues relating to coverage and eligibility for benefits and take such other action to administer the Plan as it may deem appropriate, including delegation of discretion to a Delegate. The Board's decisions, computations,

interpretations and actions shall be final and binding on all persons except as may be provided by law. In administering the Plan, the Board shall at all times discharge its duties with respect to the Plan in accordance with the standards set forth in Section 404(a)(1) of ERISA.

. . . .

(c) . . . Any dispute as to eligibility, type, amount or duration of benefits or any right or claim to payments from the Trust, shall be resolved by the Board or its Delegate, such as the Health Care Benefits Committee (which serves as the Appeals Committee pursuant to the Plan), and its decision of the dispute, right or claim shall be final and binding upon all parties thereto except as may be required by law. . . .

[*Id.* at 98–99.]

## B. Plaintiff's Complaint Against Defendants

On September 20, 2016, Plaintiff submitted an application for Long Term Disability Benefits to the Health Trust. [Doc. No. 26-2 ¶ 5.] The Health Trust reviewed his application and concluded that Plaintiff did not fulfill the eligibility requirements to receive Long Term Disability Benefits pursuant to Article VI, Section 1(c)(1) of the Southwest Carpenters Health and Welfare Plan for Active Carpenters as restated January 1, 2015. [*Id.* ¶¶ 6–7.] Specifically, Defendants contend that Plaintiff did not accumulate at least five Pension Credits required under the Southwest Carpenters Pension Plan, Article VI, Section 1(3)(1) above. [*Id.* ¶ 7.] As such, Defendants notified Plaintiff by letter dated November 15, 2016 that his application was denied. [*Id.* ¶ 8.]

Plaintiff subsequently appealed the denial of Long Term Disability benefits, and later supplemented his appeal with check stubs to challenge the calculation of his Pension Credits. [*Id.* ¶ 9.] On June 16, 2017, Plaintiff's appeal was considered by the Appeals Committee of the Board of Trustees, who reviewed a summary of the appeal, all relevant correspondence, and all supporting documents submitted by Plaintiff. [*Id.* ¶ 11.] The Committee denied Plaintiff's appeal and provided him with written notice of the denial by letter dated June 20, 2017. [*Id.* ¶ 12.] On August 16, 2017, Plaintiff consequently filed his original Complaint with the Court to recover the benefits allegedly due to him under the Plan. [Doc. No. 1.]

## II. Legal Standard of Review for an ERISA Plan Administrator's Decision to Deny Benefits

Generally, district courts review an ERISA plan administrator's decision to deny benefits *de novo*, "unless the benefit plan gives the administrator . . . discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115 (1989). If the plan "*does* confer discretionary authority as a matter of contractual agreement, then the standard of review shifts to abuse of discretion," which is a "more lenient" standard of review. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006).

The Ninth Circuit has described the test for "abuse of discretion" as whether the court is "left with a definite and firm conviction that a mistake has been committed." *Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 676 (9th Cir. 2011). To determine whether a plan administrator abused its discretion, the court must consider whether the administrator's decision was "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *See id.* at 676 (quoting *United States v. Hinkson*, 585 F.3d 1247 (9th Cir. 2009) (en banc)). Further, the Supreme Court has noted that this deferential standard of review means that the plan administrator's decision "will not be disturbed if reasonable." *See id.* at 674 (quoting *Conkright v. Frommert*, 559 U.S. 506 (2010)).

In order to apply the "abuse of discretion" standard of review, the plan at issue must "unambiguously provide discretion to the administrator." *Abatie*, 458 F.3d at 963. While there are no "magic" words to signal that this discretion exists, the Supreme Court has suggested that discretion is provided if the administrator has the "power to construe disputed or doubtful terms" in the plan. *See id.* at 963 (quoting *Firestone*, 489 U.S. at 111). The Ninth Circuit has repeatedly found discretion granted in plans with similar wording. *See e.g. Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1159 (9th Cir. 2001) (finding discretion where the plan at issue provided that the administrator "has the full, final, conclusive and binding power to construe and interpret the policy under the plan . . .

and to make claims determinations"); *Bergt v. Ret. Plan for Pilots Employed by MarkAir, Inc.*, 293 F.3d 1139, 1142 (9th Cir. 2002) (finding discretion where the plan administrator holds the "power" and "duty" to "interpret the plan and to resolve ambiguities, inconsistencies and omissions" and to "decide on questions concerning the plan and the eligibility of any Employee" (internal quotation marks omitted)).

Finally, when analyzing a plan administrator's decision under an "abuse of discretion" standard, a district court may only review the administrative record before the plan administrator (though this limitation does not apply to *de novo* review). *See Abatie*, 458 F.3d at 970; *see also Jebian v. Hewlett-Packard Co. Employee Benefits Org. Income Prot. Plan*, 349 F.3d 1098, 1110 (9th Cir. 2003). The only exception to this limitation is when a court is deciding how much weight to give a conflict of interest in its analysis.[2] In making that determination, the court may consider evidence outside the administrative record. *See Abatie*, 458 F.3d at 969; *see also Tremain v. Bell Indus., Inc.*, 196 F.3d 970, 976–77 (9th Cir. 1999) (holding that a court may consider extra-record evidence to determine whether the administrator was plagued by a conflict of interest).

### III. Legal Standard of Review for Summary Judgment

Generally, a party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To avoid summary judgment, disputes must be both (1) material, meaning concerning facts that are relevant and necessary and that might affect the outcome of the action under governing law, and (2) genuine, meaning the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

---

[2] The plaintiff has not alleged a conflict of interest or provided any evidence outside the record to support such a claim.

242, 248 (1986); *Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1229 (9th Cir. 2000) (citing *Anderson*, 477 U.S. at 248).

Under the traditional rules of summary judgment, the initial burden of establishing the absence of a genuine issue of material fact falls on the moving party. *See Celotex Corp.*, 477 U.S. at 322-23. If the moving party can demonstrate that its opponent has not made a sufficient showing on an essential element of his case, the burden shifts to the opposing party to set forth facts showing that a genuine issue of disputed fact remains. *Id.* at 324. When ruling on a summary judgment motion, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, "[t]he district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found." *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001).

However, in ERISA cases where a plan administrator's decision to deny benefits is reviewed for abuse of discretion, "a motion for summary judgment is merely the conduit to bring the legal question before the district court and the usual tests of summary judgment, such as whether a genuine dispute of material fact exists, do not apply." *Bendixen v. Standard Ins. Co.*, 185 F.3d 939, 942 (9th Cir. 1999), *abrogated on other grounds by Montour*, 588 F.3d at 631. This standard applies in situations where the district court's review is limited to the administrative record, and the claimant is not entitled to a jury trial. *Nolan v. Heald College*, 551 F.3d 1148, 1154 (9th Cir. 2009). However, the traditional rules of summary judgment still apply to evidence outside of the administrative record in ERISA cases. *Id.* at 1155.

**IV. Discussion**

In the Amended Complaint, Plaintiff brings a single claim to recover Long Term Disability benefits due to him under ERISA 29 U.S.C. § 1132(a)(1)(B). [Doc. No. 9.] Section § 1132(a)(1)(B) states: "(a) Persons empowered to bring a civil action. A civil

action may be brought—(1) by a participant or beneficiary—. . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . ." 29 U.S.C. § 1132(a)(1)(B).

Defendants move for summary judgment on grounds that: (1) Defendants acted in accordance with ERISA § 404(a)(1)(D) (29 U.S.C. § 1104(a)(1)(D)), which requires a fiduciary to administer benefits in accordance with the terms of the documents governing the plan; (2) Defendants properly denied Long Term Disability benefits to Plaintiff, as he did not qualify for benefits as required by the terms of the Health Plan; and (3) under an "abuse of discretion" standard of review, Defendants' decision to deny Plaintiff's claim must be upheld. [Doc. No. 26-1.]

As a preliminary matter, the Court finds that the applicable standard of review in this matter is the "abuse of discretion" standard, as the Health Plan clearly confers discretion on the Board. In Article IX, Section 5 of the Health Plan, entitled "Claims and Review Procedures" (detailed above), the Plan explicitly and unambiguously grants discretionary authority to the Board to "control and manage the administration and operation of the Plan and Trust." [Doc. No. 26-5 at 98.] The Board is granted full and exclusive authority to construe the terms of the Plan, make interpretations and computations, determine all issues relating to coverage and eligibility for benefits, and take any other action to administer the Plan as it may deem appropriate. [*Id.* at 98.] Further, its decisions regarding disputes as to eligibility, type, amount or duration of benefits are final and binding upon all parties, except as may be required by law. [*Id.* at 99.] Accordingly, the Court finds that the requisite discretion to the plan administrator exists here so as to apply the "abuse of discretion" standard of review.

The Court further finds that Defendants are entitled to summary judgment, as Plaintiff has failed to provide sufficient evidence to support his claim as a matter of law. The evidence within the administrative record before the Court does not reflect Plaintiff's contention that Defendants' decision to deny him benefits was illogical, implausible, or

without support. *See Salomaa*, 642 F.3d at 676. To the contrary, Defendants reviewed Plaintiff's original application for benefits, issued their decision with an explanation for their conclusion, reexamined Plaintiff's claim with the Appeals Committee upon receiving notice of his appeal and supplemental documentation, and again reached the same conclusion. [Doc. No. 26-2 at 4–5.] Defendants' administrative staff compared Plaintiff's check stubs provided with his appeal (to dispute his hours worked and/or reported to the Health Trust) to the Trust's records, and found that his check stubs matched Trust records but not the hours indicated by Plaintiff. [Doc. No. 26-3 at 2.] Further, while not necessary under this standard, the Court has reviewed the administrative record in its entirety, including the supplemental documents submitted by Plaintiff, and conducted its own analysis of Plaintiff's claim of eligibility for benefits. The Court did not find any evidence to support Plaintiff's contentions that he has greater than five Pension Credits, nor did it find evidence of any misconduct or abuse of discretion on Defendants' part. The record instead appears to reflect that the Board and the Appeals Committee reasonably reviewed Plaintiff's claim and appeal, and provided Plaintiff with adequate support for their decision. [Doc. No. 26-4.]

In sum, the evidence in the administrative record does not leave the Court with a "definite and firm conviction that a mistake has been committed," but rather with the impression that the Trust's decision in this case was reasonable and correct. *Salomaa*, 642 F.3d at 674, 676. Accordingly, the Court finds no abuse of discretion, and summary judgment is warranted.

## V. Conclusion

For the foregoing reasons, Defendants' motion for summary judgment [Doc. No. 26]

/ / / / /

/ / / / /

/ / / / /

/ / / / /

8

3:17-CV-01643-CAB-AGS

is **GRANTED**.   Judgment shall be entered for Defendants and the Clerk of the Court shall **CLOSE** the case.

    It is **SO ORDERED**.

Dated:  May 31, 2018

                                                    Hon. Cathy Ann Bencivengo
                                                    United States District Judge